IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Keith Wayne Carver, Jr., #95874, | ) | |
| | ) | Civil Action No. 1:16-2528-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Greenville County; Greenville County Detention Center; Jail Admin. Vandermosen; and Lt. Kramer, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff, a pre-trial detainee proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., these matters were referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss Plaintiff's complaint without prejudice and without issuance and service of process. (ECF No. 7). Plaintiff was advised of his right to file objections to the Report. (ECF No. 7 at 5). Plaintiff, however, filed no objections to the Report, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Upon review, the court finds no clear error and adopts the magistrate judge's Report. Briefly, plaintiff alleged that defendants failed to fulfill his requests for legal materials, his attorney's name and his attorney's phone number. (ECF No.1 at 3). Plaintiff claims that this refusal has denied him the right to participate in his defense and thus violated his constitutional rights. *Id.* However, the Constitution does not guarantee inmates an adequate law library or "legal assistance" program but does guarantee reasonable access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Bounds v. Smith*, 430 U.S. 817, 838 (1977). To establish an unconstitutional burden on his right of access to the courts, a prisoner must meet "the basic requirement that he show specific harm or prejudice from the allegedly denied access." *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993); *see, e.g., Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996) ("The district court . . . properly dismissed Cochran's claim that prison officials infringed his right of access to the courts. In making such a claim, a prisoner cannot rely on conclusory allegations. Specificity is necessary so that prison officials are not required to file unnecessary responses to speculative allegations." (citation omitted)); *Jones v. Prison Health Services Inc.*, 2008 WL 4908024 (D.S.C. Oct. 3, 2008) ("A plaintiff must demonstrate, for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim.").

At the time of filing, plaintiff had been appointed counsel and his criminal case was in the pretrial phase, thus, there was no disposition as to his criminal charges. *United States v. Carver*, 6:16-cr-281-TMC (D.S.C. filed Mar. 13, 2016) (ECF No. 24).[1] Assuming plaintiff's allegations as true, plaintiff failed to allege how his right of access to the courts was infringed.

---

[1] To date, plaintiff's criminal case remains pending. *See United States v. Carver*, 6:16-cr-281-TMC (D.S.C. filed Mar. 13, 2016).

Plaintiff's claim did not specifically assert how defendants' failure to provide legal materials or his attorney's name and phone number has caused actual injury to plaintiff's defense or ability to pursue a meritorious claim. Furthermore, the fact that this case was filed indicates that plaintiff has *not* been denied access to the courts. Thus, plaintiff failed to state a claim on which relief could be granted.

Liberally construed, plaintiff's complaint may also generally allege that his right to counsel was violated. "The deliberate denial of counsel, absent an intelligent and voluntary waiver, is a deprivation of rights guaranteed by the Sixth and Fourteenth Amendments." *Clark v. County of Tulane*, 755 F. Supp. 2d 1075, 1089 (E.D. Cal. 2010) (citing *Robichaud v. Ronan,* 351 F.2d 533 (9th Cir.1965)). However, a prisoner may not raise claims in a § 1983 action, whether the relief sought is injunctive, declaratory, or monetary, if "success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). Plaintiff may only recover damages in a § 1983 suit for an allegedly unconstitutional conviction or imprisonment if his sentence is first reversed on appeal, expunged by executive pardon, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). Here, plaintiff's claim that refusal to provide his attorney's name and telephone number amounted to denial of counsel, if found to have merit, would call into question the validity of his conviction. *See, e.g., Kanz v. Wisconsin*, 84 Fed. Appx. 677, 677-78 (7th Cir. 2003); *Kilbane v. Huron Cty. Comm'rs*, 2011 WL 1666928 (N.D. Ohio 2011). Before such a claim may be proper, plaintiff would need to be convicted and subsequently have that conviction invalidated. Neither has yet happened, thus the claim must be dismissed.

After a thorough review of the Report and the record in this case, the court adopts the magistrate judge's Report (ECF No. 7) and incorporates it herein. It is therefore **ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

September 14, 2016
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.